IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CHAD ALLEN HURT, *et al.*, ) <br> ) <br> Defendants. ) | Case No. CIV-24-626-D |

## **ORDER**

Before the Court is Plaintiff State Farm Fire and Casualty's Motion for Default Judgment [Doc. No. 25]. Plaintiff filed this action for declaratory judgment against Defendants Chad Allen Hurt, Jason and Sheri Reynolds, as parents and next friends of R.R., a minor child, and Daniel and Shawna Tonsing, as parents and next friends of M.T., a minor child. Although served with process, Defendants have not entered appearances, responded to the Complaint [Doc. No. 1], or responded to Plaintiff's motions for entry of default [Doc. Nos. 13 – 15].

## **BACKGROUND**

Plaintiff seeks a declaratory judgment that its insurance policy issued to Defendant Chad Allen Hurt imposes no obligation to defend or indemnify Defendant Hurt, or satisfy any judgment entered against Defendant Hurt, in connection with two underlying lawsuits in state court. Plaintiff alleges that two lawsuits were filed against Defendant Hurt arising out of an assault and battery he allegedly committed against R.R., the Reynolds' minor

1

child, and M.T., the Tonsings' minor child.[1] In addition to the assault and battery claim against Defendant Hurt, the Reynolds also allege a premises liability claim against HeyDay Entertainment, LLC, where the alleged assault and battery occurred.

On June 21, 2023, Defendant Hurt was charged with one felony count of assault and battery with a dangerous weapon and one misdemeanor count of assault and battery.[2] On September 30, 2024, Defendant Hurt pled guilty to both counts, stating that he "struck R.R. in the face with a glass, a dangerous weapon, causing injury" and "struck M.T. in the face using [his] fists." [Doc. No. 25-3, ¶ 28].

Plaintiff filed its Complaint on June 17, 2024, and submitted proofs of service for each Defendant [Doc. Nos. 11, 12, 19]. No responsive pleading or entry of appearance was filed by any Defendant. The Court Clerk has entered default against Defendants for failure to plead or otherwise defend the present action [Doc. Nos. 16, 17, 22]. Plaintiff now seeks default judgment against Defendants pursuant to FED. R. CIV. P. 55(b).

## DISCUSSION

The entry of default judgment is committed to the sound discretion of the trial court. *Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016). Although cases should be decided on

---

[1] The Court takes judicial notice of *Jason Reynolds, et al. v. Chad Allen Hurt and HeyDay Entertainment, LLC*, Case No. CJ-2023-732, Cleveland County District Court; and *Daniel Tonsing, et al. v. Chad Allen Hurt*, Case No. CJ-2023-766, Cleveland County District Court. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records … concerning matters that bear directly upon the disposition of the case at hand.").

[2] The Court also takes judicial notice of Defendant Hurt's state-court criminal proceedings, *State of Oklahoma v. Chad Allen Hurt*, Case No. CF-2023-992, Cleveland County District Court.

the merits whenever possible, a default judgment is a reasonable remedy when the adversary process has been halted because of an unresponsive party. *In re Rains*, 946 F.2d 731, 732-33 (10th Cir. 1991).

Rule 55 of the Federal Rules of Civil Procedure provides two distinct sequential steps when a defendant fails to answer or otherwise defend against an action: the entry of default and the entry of default judgment. FED. R. CIV. P. 55(a), (b); *Guttman v. Silverberg*, 167 F. App'x 1, 2 n.1 (10th Cir. 2005) (unpublished) ("The entry of default and the entry of a judgment by default are two separate procedures."). Initially, a party must ask the Clerk of Court to enter default. FED. R. CIV. P. 55(a). Only after the Clerk has complied may a party seek default judgment. *Garrett v. Seymour*, 217 F. App'x 835, 838 (10th Cir. 2007) (unpublished) (finding that entry of default is a prerequisite for the entry of a default judgment under Rule 55(b)(1)). Here, Defendants have failed to answer or plead, defaults were entered by the Clerk, and Plaintiff has submitted the requisite affidavits in compliance with the Servicemembers Civil Relief Act, 50 U.S.C. § 3931 [Doc. Nos. 14-2, 14-3, 15-2, 15-3, 21-1].

Although Defendants' complete failure to defend warrants the entry of a default judgment, the Court must still determine whether the uncontested facts establish a legitimate cause of action. *See Mathiason v. Aquinas Home Health Care, Inc.*, 187 F.Supp.3d 1269, 1274-75 (D. Kan. May 16, 2016); *Gunawan v. Sake Sushi Rest.*, 897 F.Supp.2d 76, 83 (E.D.N.Y. Sept. 24, 2012). Here, Plaintiff alleges that Defendant Hurt's homeowners insurance policy issued by Plaintiff (Policy No. 36-B6-H503-0) does not provide coverage for bodily injury or property damage that:

3

    (1)  was the result of a:

        (a)  willful and malicious; or

        (b)  criminal;

      act or omission of the insured;

    (2)  was intended by the insured; or

    (3)  would have been expected by the insured based on a reasonable person standard.

[Doc. No. 1-1, Section II – Exclusions, p. 37, ¶ 1]. Plaintiff claims that the alleged assault and battery at issue in the underlying lawsuits was the result of willful and malicious or criminal conduct by Defendant Hurt. Further, Plaintiff alleges that the policy requires Plaintiff to provide a defense to its insured for claims against an insured for damages due to "bodily injury or property damage *to which this coverage applies*, caused by an occurrence." [Doc. No. 1-1, Section II – Liability Coverages, p. 36]. Plaintiff contends that because the policy does not provide coverage for the underlying claims, it does not owe Defendant Hurt a duty to defend.

  Upon review of the record, Plaintiff's well-pleaded factual allegations establish that the policy does not cover the event that resulted in the claims in the underlying lawsuits and default judgment is appropriate. *See United States v. Craighead*, 176 F. App'x 922, 924 (10th Cir. 2006) (unpublished) (explaining that a defendant admits the plaintiff's well-pleaded factual allegations by his default). The Court also concludes that it has jurisdiction to issue a declaratory judgment pursuant to FED. R. CIV. P. 57 and 28 U.S.C. § 2201.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Default Judgment [Doc. No. 25] is **GRANTED**. As the facts show that Policy No. 36-B6-H503-0 does not provide coverage for the events underlying Case Nos. CJ-2023-732 and CJ-2023-766, both pending in the Cleveland County District Court, Plaintiff does not owe any defense, indemnity, or damages under the policy. A declaratory judgment will be entered in Plaintiff's favor.

**IT IS SO ORDERED** this 13th day of December, 2024.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge